IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL NIEDERMEIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2011 CV |
| | ) | |
| VILLAGE OF ROSCOE, | ) | |
| | ) | **Plaintiff requests Trial by Jury** |
| Defendant. | ) | |
| | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff, MICHAEL NIEDERMEIER, by and through his attorneys,

JENSEN LAW OFFICE, LLC, and hereby sets forth his complaint against Defendant VILLAGE

OF ROSCOE, and states, in the alternative where appropriate, as follows:

## JURISDICTION

1. Jurisdiction appropriately rests with this court as this action arises under the laws of the
   United States, specifically under the Americans with Disabilities Act ("ADA"), 42 U.S.C.
   § 12111 *et seq.* and the Vocational Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*
   Jurisdiction is therefore appropriate pursuant to 28 U.S.C. § 1331.  Supplemental
   jurisdiction for state law claims is appropriate under 28 U.S.C. § 1367.  Venue is proper
   under 28 U.S.C. § 1391 as the complained of conduct occurred in the Northern District of
   Illinois.

## THE PARTIES

2. Plaintiff, Michael Niedermeier, is a resident of Winnebago County in the State of Illinois.

1

3. Defendant, the Village of Roscoe ("Village") is located within the Northern District, and was Plaintiff's employer within the meanings of the ADA, 42 U.S.C. § 12111(5) and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2-101(B).

4. Plaintiff was an "employee" within the meanings of the ADA, 42 USC § 12111(4) and the IHRA, 775 ILCS 5/2-101(A).

## FACTS COMMON TO ALL COUNTS

5. On or about July 2004, Plaintiff was hired by Village as a part-time maintenance worker.

6. On or about January 2005, Plaintiff was promoted by Village to a full-time maintenance worker.

7. At all times during Plaintiff's employment with Village, Plaintiff was meeting Village's legitimate performance expectations.

8. On or around August 2007, Plaintiff injured his right knee while working for the Village.

9. The injury to his knee required the performance of a right total knee arthroplasty.

10. On or around July 10, 2009 Plaintiff requested and was granted leave pursuant to the Family and Medical Leave Act ("FMLA") in order to undergo the right total knee arthroplasty.

11. Subsequent to the operation, Plaintiff developed arthrofibrosis.

12. As a result of the operation and the development of the arthrofibrosis (formation of excess connective tissue in the knee joint and surrounding spaces due to abnormal cell growth), Plaintiff experienced limited flexion of his right knee.

13. Plaintiff continued treatment and physical therapy for his right knee.

14. By April 1, 2010, Plaintiff's doctor, Dr. Christopher Green, and his physical therapist, Roscoe Physical Therapy, released Plaintiff to return to work.

2

15. Dr. Green reported to the Village that Plaintiff was ready to return to work on April 1, 2010 with "no restrictions."

16. Plaintiff reported to work at the Village on April 1, 2010 but was told by the Village President to leave the premises.

17. Plaintiff again reported to work on or around April 5, 2010. Once again, Plaintiff was told to leave the premises.

18. Thereafter, the Village required Plaintiff to report for an independent medical evaluation.

19. On or around April 29, 2010 Plaintiff underwent an independent medical evaluation performed by Dr. Norm Hagman.

20. On or around May 1, 2010 Dr. Hagman reported to the Village that Plaintiff had limitation of motion for his right knee that "might or could present a problem." He concluded that Plaintiff could return to productive work but that "some accommodation would appear to be necessary in the performance of jobs that require hyperflexion of the right knee beyond the 90 degree flexion range."

21. The Village did not permit Plaintiff to return to work following Dr. Hagman's report.

22. On or around May 24, 2010, Plaintiff was terminated from his position as a maintenance worker at the Village.

## COUNT I

### ADA Disability Discrimination – "Actual Disability"

23. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

24. As a result of Plaintiff's August 2007 knee injury, the right total knee arthroplasty and the arthrofibrosis, Plaintiff had a physical impairment which rendered him disabled within

the meaning of 42 U.S.C. § 12102. Plaintiff's physical impairment substantially limits one or more of his major life activities.

25. The Village was aware that Plaintiff was disabled within the meaning of 42 U.S.C. § 12102.

26. Despite Plaintiff's disability, he could perform the essential functions of the job of maintenance worker for the Village.

27. On or around April 2010, the Village refused to reinstate Plaintiff to his position of maintenance worker because of his disability.

28. On or around May 24, 2010, the Village terminated Plaintiff because of his disability.

29. By refusing to reinstate and subsequently terminating Plaintiff, the Village caused Plaintiff to suffer adverse employment action due to his disability.

30. This adverse employment action based upon Plaintiff's disability was in violation of Title I of the ADA.

31. Plaintiff timely filed a complaint with the Illinois Department of Human Rights who cross-filed with the Equal Employment Opportunity Commission and on August 8, 2011, the Department of Justice mailed Plaintiff a Notice of Right to Sue on his own behalf in this Court on his claims of disability discrimination contained in EEOC Charge No. 21B-2010-02220.

32. Plaintiff has timely filed this suit within the 90 days provided.

WHEREFORE, Plaintiff, MICHAEL NEIDERMEIER, asks that judgment be entered in his behalf on and against Defendant VILLAGE OF ROSCOE on the count above as follows:

   a)  Reinstating Plaintiff to his position at Village of Roscoe;

b) Making Plaintiff whole by assessing damages for all lost salary, benefits, future earnings, stigma damages, and other compensation;

c) Awarding interest at the prevailing rate on the above damages;

d) Awarding Plaintiff damages to compensate for his losses including such things as emotional distress.

e) Awarding reasonable attorneys fees and costs; and

f) For any other relief this Court deems just and proper.

## COUNT II

### Rehabilitation Act Disability Discrimination – "Actual Disability"

33. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-30 above as if fully set forth herein.

34. Upon information and belief, the Village received federal grants and funding at all times during Plaintiff's employment.

35. Village's termination of Plaintiff based upon his disability was in violation of the Vocational Rehabilitation Act, 29 U.S.C. § 701 *et seq.*

36. Plaintiff timely filed a complaint with the Illinois Department of Human Rights who cross-filed with the Equal Employment Opportunity Commission and on August 8, 2011, the Department of Justice mailed Plaintiff a Notice of Right to Sue on his own behalf in this Court on his claims of disability discrimination contained in EEOC Charge No. 21B-2010-02220.

37. Plaintiff has timely filed this suit within the 90 days provided.

WHEREFORE, Plaintiff, MICHAEL NEIDERMEIER, asks that judgment be entered in his behalf on and against Defendant VILLAGE OF ROSCOE on the count above as follows:

5

a)  Reinstating Plaintiff to his position at Village of Roscoe;

b)  Making Plaintiff whole by assessing damages for all lost salary, benefits, future earnings, stigma damages, and other compensation;

c)  Awarding interest at the prevailing rate on the above damages;

d)  Awarding Plaintiff damages to compensate for his losses including such things as emotional distress;

e)  Awarding reasonable attorneys fees and costs; and

f)  For any other relief this Court deems just and proper.

## COUNT III

### IDHR Disability Discrimination – "Actual Disability"

38. Plaintiff repeats and realleges that allegations set forth in paragraphs 1-22 above as if fully set forth herein.

39. As a result of Plaintiff's August 2007 knee injury, the total right knee arthroplasty and the arthrofibrosis, Plaintiff suffered from a physical condition in his right knee which rendered him disabled within the meaning of 775 ILCS 5/1-103(I).

40. The Village was aware that Plaintiff was disabled within the meaning of 775 ILCS 5/1-103(I).

41. Despite his condition, Plaintiff was able to perform the duties of the job of maintenance worker at Village.

42. On or around April 2010, the Village refused to reinstate Plaintiff to his position of maintenance worker because of his disability.

43. On or around May 24, 2010, the Village terminated Plaintiff because of his disability.

44. By refusing to reinstate and subsequently terminating Plaintiff, Village discriminated against Plaintiff based upon his disability.

45. Village's termination based on Plaintiff's disability is "unlawful discrimination" as defined in 775 ILCS 5/1-103(Q).

46. Plaintiff timely filed a complaint with the Illinois Department of Human Rights and on June 2, 2011, the IDHR notified Plaintiff of his right to sue on charge number 2010CF3910. Pursuant to 775 ILCS 5/7A-102(C)(4), Plaintiff had 90 days to file this action in the appropriate court.

47. Plaintiff has timely filed this suit within the 90 days provided.

WHEREFORE, Plaintiff, MICHAEL NEIDERMEIER, asks that judgment be entered in his behalf on and against Defendant VILLAGE OF ROSCOE on the count above as follows:

a) Reinstating Plaintiff to his position at Village of Roscoe;

b) Making Plaintiff whole by assessing damages for all lost salary, benefits, future earnings, stigma damages, and other compensation;

c) Awarding interest at the prevailing rate on the above damages;

d) Awarding Plaintiff damages to compensate for his losses including such things as emotional distress;

e) Awarding reasonable attorneys fees and costs; and

f) For any other relief this Court deems just and proper.

## COUNT IV

### ADA Disability Discrimination – "Regarded as Disabled"

48. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

49. As a result of Plaintiff's August 2007 knee injury, the right total knee arthroplasty and the arthrofibrosis, the Village regarded Plaintiff as a disabled individual within the mearning of 42 U.S.C. § 12102.

50. On or about April 1, 2010, Plaintiff could perform the essential functions of the job of maintenance worker for the Village.

51. On or around April 1, 2010, the Village refused to reinstate Plaintiff to his position of maintenance worker because it regarded Plaintiff as a disabled individual.

52. On or around May 24, 2010, the Village terminated Plaintiff because it regarded Plaintiff as a disabled individual.

53. By refusing to reinstate and subsequently terminating Plaintiff, the Village caused Plaintiff to suffer adverse employment action because the Village regarded Plaintiff as a disabled individual.

54. This adverse employment action based upon the Plaintiff being regarded as a disabled individual by the Village was in violation of Title I of the ADA.

55. Plaintiff timely filed a complaint with the Illinois Department of Human Rights who cross-filed with the Equal Employment Opportunity Commission and on August 8, 2011, the Department of Justice mailed Plaintiff a Notice of Right to Sue on his own behalf in this Court on his claims of disability discrimination contained in EEOC Charge No. 21B-2010-02220.

56. Plaintiff has timely filed this suit within the 90 days provided.

WHEREFORE, Plaintiff, MICHAEL NEIDERMEIER, asks that judgment be entered in his behalf on and against Defendant VILLAGE OF ROSCOE on the count above as follows:

a) Reinstating Plaintiff to his position at Village of Roscoe;

b) Making Plaintiff whole by assessing damages for all lost salary, benefits, future earnings, stigma damages, and other compensation;

c) Awarding interest at the prevailing rate on the above damages;

d) Awarding Plaintiff damages to compensate for his losses including such things as emotional distress;

e) Awarding reasonable attorneys fees and costs; and

f) For any other relief this Court deems just and proper.

## COUNT V

### Rehabilitation Act Disability Discrimination – "Regarded as Disabled"

57. Plaintiff repeats and realleges the allegations set forth in paragraphs 48-54 above as if fully set forth herein.

58. Upon information and belief, the Village received federal grants and funding at all times during Plaintiff's employment.

59. This adverse employment action based upon Plaintiff being regarded as a disabled individual was in violation of the Vocational Rehabilitation Act, 29 U.S.C. § 701 *et seq.*

60. Plaintiff timely filed a complaint with the Illinois Department of Human Rights who cross-filed with the Equal Employment Opportunity Commission and on August 8, 2011, the Department of Justice mailed Plaintiff a Notice of Right to Sue on his own behalf in this Court on his claims of disability discrimination contained in EEOC Charge No. 21B-2010-02220.

61. Plaintiff has timely filed this suit within the 90 days provided.

WHEREFORE, Plaintiff, MICHAEL NEIDERMEIER, asks that judgment be entered in his behalf on and against Defendant VILLAGE OF ROSCOE on the count above as follows:

9

a)  Reinstating Plaintiff to his position at Village of Roscoe;

b)  Making Plaintiff whole by assessing damages for all lost salary, benefits, future earnings, stigma damages, and other compensation;

c)  Awarding interest at the prevailing rate on the above damages;

d)  Awarding Plaintiff damages to compensate for his losses including such things as emotional distress;

e)  Awarding reasonable attorneys fees and costs; and

f)  For any other relief this Court deems just and proper.

## COUNT VI

### IDHR Disability Discrimination – "Perceived as Disabled"

62. Plaintiff repeats and realleges that allegations set forth in paragraphs 1-22 above as if fully set forth herein.

63. As a result of Plaintiff's August 2007 knee injury, the total right knee arthroplasty and the arthrofibrosis, the Village perceived Plaintiff as disabled within the meaning of 775 ILCS 5/1-103(I).

64. Plaintiff was qualified to perform the duties of the job of maintenance worker at Village.

65. On or around April 2010, the Village refused to reinstate Plaintiff to his position of maintenance worker because the Village perceived Plaintiff as a disabled individual.

66. On or around May 24, 2010, the Village terminated Plaintiff because the Village perceived Plaintiff as a disabled individual.

67. By refusing to reinstate and subsequently terminating Plaintiff, Village discriminated against Plaintiff based upon its perception that Plaintiff was disabled.

68. Village's termination based on Plaintiff's perceived disability is "unlawful discrimination" as defined in 775 ILCS 5/1-103(Q).

69. Plaintiff timely filed a complaint with the Illinois Department of Human Rights and on June 2, 2011, the IDHR notified Plaintiff of his right to sue on charge number 2010CF3910. Pursuant to 775 ILCS 5/7A-102(C)(4), Plaintiff had 90 days to file this action in the appropriate court.

70. Plaintiff has timely filed this suit within the 90 days provided.

WHEREFORE, Plaintiff, MICHAEL NEIDERMEIER, asks that judgment be entered in his behalf on and against Defendant VILLAGE OF ROSCOE on the count above as follows:

a) Reinstating Plaintiff to his position at Village of Roscoe;

b) Making Plaintiff whole by assessing damages for all lost salary, benefits, future earnings, stigma damages, and other compensation;

c) Awarding interest at the prevailing rate on the above damages;

d) Awarding Plaintiff damages to compensate for his losses including such things as emotional distress;

e) Awarding reasonable attorneys fees and costs; and

f) For any other relief this Court deems just and proper.

## COUNT VII

### ADA Failure to Accommodate

71. Plaintiff restates and realleges the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

72. As a result of Plaintiff's August 2007 knee injury, the right total knee arthroplasty and the arthrofibrosis, Plaintiff has a physical impairment which rendered him disabled within the

meaning of 42 U.S.C. § 12102. Plaintiff's physical impairment substantially limits one or more of his major life activities.

73. The Village was aware the Plaintiff was disabled within the meaning of 42 U.S.C. § 12102.

74. Despite Plaintiff's disability, he was qualified to perform the essential functions of the job of maintenance worker with a reasonable accommodation.

75. The Village was aware that Plaintiff required a reasonable accommodation.

76. Under the ADA an employer must engage in an interactive process to identify potential accommodations that would overcome the employee's limitation. 29 CFR § 1630.2(o)(3). The Village refused to engage in a discussion with Plaintiff regarding a reasonable accommodation.

77. The Village could have reasonably accommodated Plaintiff but for Defendant's bad faith.

78. By refusing to provide Plaintiff with a reasonable accommodation, Village violated 42 U.S.C. § 12112.

79. Plaintiff timely filed a complaint with the Illinois Department of Human Rights who cross-filed with the Equal Employment Opportunity Commission and on August 8, 2011, the Department of Justice mailed Plaintiff a Notice of Right to Sue on his own behalf in this Court on his claims of disability discrimination contained in EEOC Charge No. 21B-2010-02220.

80. Plaintiff has timely filed this suit within the 90 days provided.

WHEREFORE, Plaintiff, MICHAEL NEIDERMEIER, asks that judgment be entered in his behalf on and against Defendant VILLAGE OF ROSCOE on the count above as follows:

a)  Reinstating Plaintiff to his position at Village of Roscoe;

12

b)  Making Plaintiff whole by assessing damages for all lost salary, benefits, future

earnings, stigma damages, and other compensation;

c)  Awarding interest at the prevailing rate on the above damages;

d)  Awarding Plaintiff damages to compensate for his losses including such things as

emotional distress;

e)  Awarding reasonable attorneys fees and costs; and

f)  For any other relief this Court deems just and proper.

## COUNT VIII

### Rehabilitation Act Failure to Accommodate

81. Plaintiff repeats and realleges the allegations set forth in paragraphs 71-78 above as if

fully set forth herein.

82. Upon information and belief, the Village received federal grants and funding at all times

during Plaintiff's employment.

83. By refusing to provide Plaintiff with a reasonable accommodation, Village violated the

Vocational Rehabilitation Act, 29 U.S.C. § 701 *et seq.*

84. Plaintiff timely filed a complaint with the Illinois Department of Human Rights who

cross-filed with the Equal Employment Opportunity Commission and on August 8, 2011,

the Department of Justice mailed Plaintiff a Notice of Right to Sue on his own behalf in

this Court on his claims of disability discrimination contained in EEOC Charge No. 21B-

2010-02220.

85. Plaintiff has timely filed this suit within the 90 days provided.

WHEREFORE, Plaintiff, MICHAEL NEIDERMEIER, asks that judgment be entered in

his behalf on and against Defendant VILLAGE OF ROSCOE on the count above as follows:

13

a) Reinstating Plaintiff to his position at Village of Roscoe;

b) Making Plaintiff whole by assessing damages for all lost salary, benefits, future earnings, stigma damages, and other compensation;

c) Awarding interest at the prevailing rate on the above damages;

d) Awarding Plaintiff damages to compensate for his losses including such things as emotional distress;

e) Awarding reasonable attorneys fees and costs; and

f) For any other relief this Court deems just and proper.

## COUNT IX

### Illinois Human Rights Act Failure to Accommodate

86. Plaintiff restates and realleges the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

87. As a result of Plaintiff's August 2007 knee injury, the total right knee arthroplasty and the arthrofibrosis, Plaintiff suffered from a physical condition in his right knee which rendered him disabled within the meaning of 775 ILCS 5/1-103(I).

88. The Village was aware that Plaintiff was disabled within the meaning of 775 ILCS 5/1-103(I).

89. Despite Plaintiff's disability, he was qualified to perform the essential functions of the job of maintenance worker.

90. That Village was aware that Plaintiff required a reasonable accommodation.

91. The Village refused to engage in a discussion with Plaintiff about a reasonable accommodation.

92. The Village could have reasonably accommodated Plaintiff but for Village's bad faith.

93. Village's failure to reasonably accommodate Plaintiff's disability was in violation of the Illinois Human Rights Act.

94. Plaintiff timely filed a complaint with the Illinois Department of Human Rights and on June 2, 2011, the IDHR notified Plaintiff of his right to sue on charge number 2010CF3910. Pursuant to 775 ILCS 5/7A-102(C)(4), Plaintiff had 90 days to file this action in the appropriate court.

95. Plaintiff has timely filed this suit within the 90 days provided.

WHEREFORE, Plaintiff, MICHAEL NEIDERMEIER, asks that judgment be entered in his behalf on and against Defendant VILLAGE OF ROSCOE on the count above as follows:

a) Reinstating Plaintiff to his position at Village of Roscoe;

b) Making Plaintiff whole by assessing damages for all lost salary, benefits, future earnings, stigma damages, and other compensation;

c) Awarding interest at the prevailing rate on the above damages;

d) Awarding Plaintiff damages to compensate for his losses including such things as emotional distress;

e) Awarding reasonable attorneys fees and costs; and

f) For any other relief this Court deems just and proper.

Respectfully Submitted,

PLAINTIFF, Michael Niedermeier

/s/ Lisa A. Jensen
Lisa A. Jensen
Attorney for Plaintiff

15

Lisa A. Jensen #6196011
Rachel A. Laird #6303777
Jensen Law Office, LLC
220 East State Street, Suite 300
Rockford, IL 61104
P: (815) 986-0810
F: (815) 986-0818